FILED
2017 Oct-16 PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISMAN MILL FARMS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:17-CV-0647-VEH** |
| | ) | |
| **BRIAN R. BLAZER, d/b/a CARPENTER BEE SOLUTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Defendant Brian R. Blazer's (Mr. Blazer) Motion for Relief from Judgment. (Doc. 45). Mr. Blazer invokes FED. R. CIV. P. 60(b) and asks this Court to: (1) withdraw its May 23, 2017 Order of Dismissal and (2) consolidate this case with another case pending before this Court involving the same parties and the same dispute. (*Id*. at 1). The Plaintiff, Chrisman Mill Farms, LLC, ("CMF") has filed its Response. (Doc. 47). Mr. Blazer has replied. (Doc. 48).

As the Court explained in its Memorandum Opinion and Order[1] in the related patent infringement case, it finds that binding Federal Circuit precedent

---

[1] A copy of which is attached to this Memorandum Opinion and Order.

requires it to transfer the related patent infringement case to the United States District Court for the Eastern District of Kentucky. There is nothing in Rule 60(b) that can change this outcome. And, as all of the claims asserted by CMF against Mr. Blazer in this action were asserted by CMF against Mr. Blazer as counterclaims in the patent infringement action, each party will be able to fully litigate their disputes in the now-transferred patent infringement action.

Further, to the extent that Mr. Blazer says that CMF has defrauded him or this Court, that averment is based exclusively on the following. After the parties had filed a stipulation of dismissal in this case, and after dismissal was granted, and after the patent infringement case was transferred to the undersigned, and after CMF filed its Answer, Defense and Counterclaims in the patent infringement case, thereby "re-plead[ing] its claims from the transferred -647 case [this DJ Action] as counterclaims in the [patent infringement action]", all of which was by agreement between Mr. Blazer and CMF, two things happened that Mr. Blazer had not foreseen.

> First, on May 22, 2017 – the same day CMF filed the Joint Stipulation of Dismissal (D.I. 43) – the Supreme Court issued its decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341 (May 22, 2017). Prior to this decision, Federal Circuit precedent had long held that the patent venue statue (28 U.S.C. § 1400(b)) incorporated the general venue statute (28 U.S.C. § 1391), and thus patentees could sue for patent infringement in any judicial

> district in which the defendant is subject to personal jurisdiction. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F. 2d 1574 (1990). The Supreme Court's *TC Heartland* decision overturned this 27-year-old precedent....

(Doc. 45 at 8).

And second, the day after the *TC Heartland* decision was issued, CMF filed, in the patent infringement action, a motion to transfer that action to the Eastern District of Kentucky.[2]

This Court has no reason to believe that CMF had insider knowledge that it withheld from Mr. Blazer or this Court — specifically, that the United States Supreme Court was going to overturn "27-year-old precedent". And yet, a necessary element of fraud is a material statement that is known to be untrue when made, or an omission of a known fact that must be disclosed in order for the statements made not to be materially misleading.

As the Court noted in a footnote in its attached Memorandum Opinion and Order, it is indeed ironic that Mr. Blazer, by filing a patent infringement action against CMF, has caused a court which previously lacked personal jurisdiction over him (the Eastern District of Kentucky) to have that jurisdiction (because a plaintiff who invokes a court's jurisdiction by filing suit necessarily consents to

[2] That motion was granted earlier today by the undersigned.

the court's jurisdiction for purposes of that proceeding). But, just as the district court that the Federal Circuit reversed with instructions to transfer in its decision in *In re Cray Inc.*, — F.3d ---- (2017) 2017 WL 4201535 (Fed. Cir. Sept. 21, 2017), could not have anticipated this "sea change," neither could CMF (or Judge Reeves, or indeed this Court, for that matter).

The Motion for Relief from Judgment is **DENIED**.

**DONE** and **ORDERED** this the 16th day of October, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge